IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MICHAEL HAYES, SHERRI HAYES, MICHAEL'S CONVENIENCE STORES, INC., | ) ) ) ) | CV 11-137-M-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| AMCO INSURANCE COMPANY, JOHN DOES 1-111, | ) ) ) | |
| Defendants. | ) ) ) | |

## INTRODUCTION

The plaintiffs claim that AMCO Insurance Company misrepresented the

validity of certain provisions in their insurance policy and mishandled their

insurance claim. AMCO moves for judgment on the pleadings and summary

1

judgment. For the most part the motions are well taken as is set forth in the reasoning below.

**BACKGROUND**

AMCO issued a "Premier Businessowners Policy" to Sherri and Michael Hayes, who operated Michael's Convenience Stores. They were sued after an underground fuel leak occurred at their store. AMCO initially provided a defense under a reservation of rights.

AMCO took the position that the policy did not cover the leak because of policy exclusions. It filed a declaratory judgment action in state court. The state court, though, determined that there was coverage because the policy violated the Property and Casualty Insurance Policy Language Simplification Act, Montana Code Annotated § 33–15–333 to 33–15–340. Specifically, the court concluded that the policy violated Section 33–15–337(2) because the policy was not self contained—AMCO's determination that there was no coverage depended on the examination and application of separate forms within the policy. As a result, the state court found the policy exclusions were void. AMCO continued to provide the plaintiffs with a full defense and it indemnified them up to the policy limits.

The plaintiffs filed this lawsuit in state court alleging several claims: misrepresentation, violation of Language Simplification Act, common law bad

2

faith, statutory law bad faith, breach of contract, and fraud. The plaintiffs sought compensatory and punitive damages. AMCO removed the case to this Court.

Plaintiffs characterize their claims as follows: "Plaintiffs' claims are based upon AMCO's issuance of a policy which it knew, or should have known, did not comply with Montana law and reliance upon provisions of that unlawful policy to disclaim coverage even when it knew, or should have known, coverage existed." (Plaintiffs' Response Br., doc. 37 at 7–8.)

AMCO moves for summary judgment and judgment on the pleadings. The plaintiffs oppose the motion and ask the Court to defer its ruling until after discovery has been completed.

## SUMMARY CONCLUSION

AMCO is entitled to judgment on the pleadings on the plaintiffs' claims for misrepresentation, violation of the Language Simplification Act, common law bad faith, and fraud. AMCO is also entitled as a matter of law to summary judgment on the plaintiffs' breach of contract claim. A deferred ruling on the Unfair Trade Practices Act claim and the request for punitive damages is appropriate until discovery has closed and the parties have had an opportunity to file supplemental briefs.

## STANDARD

A motion for judgment on the pleadings under Rule 12(c) is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, except that it is filed after the answer is filed. *Kortlander v. Cornell*, 816 F. Supp. 2d 982, 988 (D. Mont. 2011). So the Court must "'inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief.'" *Id.* (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)). A motion for judgment on the pleadings can be granted only if it appears that, on the admitted facts, the movant is clearly entitled to prevail as a matter of law. *Mitchell v. Wheatland Memorial Healthcare*, 2011 WL 5520932 at *2 (D. Mont. Nov. 14, 2011). When considering a motion for judgment on the pleadings, it is necessary to accept as true the non-moving party's factual allegations. *Id.*

A party is entitled to summary judgment if it can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are

not considered. *Id.* at 248.

ANALYSIS

## I.   The Plaintiffs' claims are subject to the Unfair Trade Practices Act.

One of the questions here is whether the plaintiffs' claims are subject to

Montana's Unfair Trade Practices Act. Because they are, many of plaintiffs'

substantive claims are barred.

Under the Unfair Trade Practices Act:

> An insured who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action. An insured may not bring an action for bad faith in connection with the handling of an insurance claim.

Mont. Code Ann. § 33–18–242(3).

To avoid the preclusive effect of Section 33–18–242(3), the plaintiffs argue

that not all of their claims involve "handling of an insurance claim." The plaintiffs

set forth six counts against AMCO: negligent misrepresentation, violation of the

Language Simplification Act, common law bad faith, "statutory bad faith,"[1] breach

of contract, and fraud. They summarize their claims as follows in their brief:

---

[1] While, perhaps, a convenient label for claims made under the Unfair Trade Practices Act, "statutory bad faith" is not a recognized claim in Montana. *See* Mont. Code Ann. § 33–18–242(3) ("An insured may not bring an action for bad faith in connection with the handling of an insurance claim.")

5

"Plaintiffs' claims are based upon AMCO's issuance of a policy which it knew, or should have known, did not comply with Montana law and reliance upon provisions of that unlawful policy to disclaim coverage even when it knew, or should have known, coverage existed." (Plaintiffs' Response Br., doc. 37 at 7–8.)

Section 33–18–201 lists several examples of what constitutes "handling of insurance claims." *See Thomas v. Northwestern Natl. Ins. Co.*, 973 P.2d 804, 809 (Mont. 1998). An insurer may not, for example, "misrepresent pertinent facts or insurance policy provisions relating to coverages at issue." Mont. Code Ann. § 33–18–201(1). More specifically, an insurer may not "misrepresent[ ] the benefits, advantages, conditions, or terms of any insurance policy." *Id.* at § 33–18–202(1). Such claims are the very conduct that the plaintiffs allege in their complaint.

The plaintiffs correctly argue that claims based on conduct that occurred prior to the handling of a claim are not subject to the Unfair Trade Practices Act. *See Thomas*, 973 P.2d at 809.

In this instance the complaint refers to conduct that occurred both before the claims-handling process as well as during it. The pre-claims-handling allegation refers to "AMCO's issuance of a policy which it knew, or should have known, did not comply with Montana law . . . ." The claims-handling conduct, on the other hand, is: "[AMCO's] reliance upon provisions of that unlawful policy to disclaim

coverage even when it knew, or should have known, coverage existed."

While the complaint involves some pre-claim conduct, the claims are inextricably tied to AMCO's handling of the claim.[2] The plaintiffs did not suffer any damages or injury until after they made their claim and Amco arguably denied it through the reservation letter and the declaratory judgment complaint. In other words, the pre-claim conduct did not cause any damage independent of AMCO's handling of the claim.

Since all of the plaintiffs claims depend, at least in part, on AMCO's conduct in handling the plaintiffs' claim, they are subject to the Unfair Trade Practices Act.

## II.   Motion for Judgment on the Pleadings

AMCO moves for judgment on the pleadings as to the plaintiffs' claims for

---

[2] The only potential exception is the plaintiffs' Simplification Act claim. One might reasonably argue that AMCO's allegedly wrongful conduct with respect to this claim all occurred prior to AMCO's handling of the plaintiffs' claim. But, again, the plaintiffs do not allege that they suffered any damages as a result of this conduct until after AMCO denied their claim. Moreover, as discussed below, the plaintiffs have not shown that the Simplification Act provides an independent cause of action. The only remedy available for a violation of this statute is a declaration that the contract or policy is void and unenforceable. *See e.g. Mont. Petroleum Tank Release Compen. Bd. v. Crumleys, Inc.*, 174 P.3d 948, 959–60 (Mont. 2008). While a court may make this declaration and not enforce a contract under this statute, the only authority that has the power to enforce the Act is the State Insurance Commissioner. *Id.* (citing Mont. Code Ann. § 33–15–338(2)).

7

misrepresentation, violations of the Language Simplification Act, common law

bad faith, fraud, and punitive damages.

### A.    Misrepresentation claim

The plaintiffs included a "misrepresentation" claim in their complaint and

allege the following:

> AMCO unreasonably denied insurance coverage under the policy to
> Plaintiffs regarding a claim relating to a discharge and release of fuel .
> . . Among other things, AMCO stated there was no coverage under the
> claim and that coverage was precluded by exclusions in the policy.

(Complaint, doc. 1 at ¶ 7.) AMCO argues that the plaintiffs' misrepresentation

claim should be dismissed because it is barred under Montana's Unfair Trade

Practices Act. The Act provides:

> An insured who has suffered damages as a result of the handling of an
> insurance claim may bring an action against the insurer for breach of the
> insurance contract, for fraud, or pursuant to this section, but not under
> any other theory or cause of action.

Mont. Code. § 33–18–242(3).

Whether a negligent misrepresentation claim is barred under this statute is

question of first impression. According to AMCO, since "misrepresentation" is not

listed in the statute, the plaintiffs cannot bring that claim. The plaintiffs counter

that the misrepresentation claim is cognizable because a misrepresentation claim is

the same as a fraud claim under Montana law and fraud claims are expressly

8

allowed under the Act.

The complaint does not indicate whether the misrepresentation claim is based on negligent misrepresentation or intentional representation, so it is necessary to examine both in order to resolve the unresolved question of first impression.

### 1.     Negligent misrepresentation is not fraud

Negligent misrepresentation has six elements:

1. the defendant made a representation as to a past or existing material fact;

2. the representation must have been untrue;

3. regardless of its actual belief, the defendant must have made the representation without any reasonable ground for believing it to be true;

4. the representation must have been made with the intent to induce the plaintiff to rely on it;

5. the plaintiff must have been unaware of the falsity of the representation; it must have acted in reliance upon the truth of the representation, and it must have been justified in relying on the representation; and

6. the plaintiff, as a result of his or her reliance, sustained damage.

*Kurtzenacker v. Davis Surveying, Inc.*, 278 P.3d 1002, 1007–08 (Mont. 2012).

The elements of negligent misrepresentation are facially different than the

elements of actual fraud, which has nine elements:

1.    a representation;

2.    the falsity of that representation;

3.    the materiality of the representation;

4.    the speaker's knowledge of the representation's falsity or ignorance of its truth;

5.    the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated;

6.    the hearer's ignorance of the representation's falsity;

7.    the hearer's reliance upon the truth of the representation;

8.    the hearer's right to rely upon the representation; and

9.    the hearer's consequent and proximate injury or damages caused by their reliance on the representation.

*Town of Geraldine v. Mont. Mun. Ins. Auth.*, 198 P.3d 796, 801 (Mont. 2008).

As the Montana Supreme Court has explained, negligent misrepresentation and actual fraud are different because: "Negligent misrepresentation has a lesser standard of proof than fraud. Rather than requiring an intent to misrepresent, it requires a showing of a failure to use reasonable care or competence in obtaining or communicating the information." *Barrett v. Holland & Hart*, 845 P.2d 714, 717 (Mont 1992); *see also Cechovic v. Hardin & Assocs., Inc.*, 902 P.2d 520, 529

10

(Mont. 1995); *Falls Sand & Gravel Co. v. W. Concrete, Inc.*, 270 F. Supp. 495, 502 (D. Mont. 1967) ("It is clear that an action for negligent misrepresentation is quite different from an action for intentional fraudulent and deceitful misrepresentation, since there is no requirement of scienter.")

A negligent misrepresentation claim is barred under the Unfair Trade Practices Act to the extent that "fraud," as used in the Act, refers only to "actual fraud." Montana Code Annotated § 33–18–242(3). On the other hand if "fraud" as used in the Act encompasses constructive fraud, then whether negligent misrepresentation is "fraud" is a closer question.

Both the Montana Supreme Court and this Court have treated negligent misrepresentation as similar to constructive fraud. *Bushnell v. Cook*, 718 P.2d 665, 668 (Mont. 1986) (citing *Falls Sand & Gravel Co.*, 270 F. Supp. at 502). "Constructive fraud" is defined by statute in Montana as:

> (1) any breach of duty that, without an actually fraudulent intent, gains an advantage to the person in fault or anyone claiming under the person in fault by misleading another person to that person's prejudice or to the prejudice of anyone claiming under that person; or (2) any act or omission that the law especially declares to be fraudulent, without respect to actual fraud.

Mont. Code Ann. § 28–2–406. Constructive fraud is essentially actual fraud without the element of intent and has similar elements as negligent

11

misrepresentation.

Both the Montana Supreme Court and this Court previously concluded that "[i]n Montana an action for negligent misrepresentation is an action for fraud . . . ." *Bushnell*, 718 P.2d at 668 (citing *Falls Sand & Gravel Co.*, 270 F. Supp. at 502 ("[A]n action for negligent misrepresentation in Montana is an action for fraud.")). While the courts used the term "fraud," the decisions show that they were referring to only constructive fraud—not actual fraud.

In *Bushnell* the Montana Supreme Court found that separate jury instructions were not required for negligent misrepresentation and constructive fraud because "[A]n action for negligent misrepresentation is an action for fraud . . . ." 718 P.2d at 668 (citing *Falls Sand & Gravel*, 270 F. Supp. at 502). The *Bushnell* Court relied solely on this Court's decision in *Falls Sand & Gravel* in reaching that conclusion. In *Falls Sand & Gravel* Judge Jameson held that the two-year statute of limitations for constructive fraud, rather than the three-year statute of limitations for negligence, applied to a negligent misrepresentation claim. 270 F. Supp. at 503. He compared the elements for the two causes of action and concluded they were essentially the same claim. *Id.* at 502–03.

The Montana Supreme Court later clarified its position in *Bottrell v. Am. Bank*, 773 P.2d 694 (Mont. 1989). As in *Bushnell*, the Court addressed the

question of jury instructions for negligent misrepresentation and constructive

fraud claims. American Bank pointed to *Bushnell* and argued that since "an action

for negligent misrepresentation is an action for fraud," the court must instruct the

jury on actual or constructive fraud if it instructs it on negligent misrepresentation.

*Bottrell*, 773 P.2d at 705. The Montana Supreme Court disagreed. It backtracked

from its previous holding in *Bushnell* and held that negligent misrepresentation

and constructive fraud are similar but not the same claims. Its explanation is worth

quoting at length:

> By statute, constructive fraud consists of: (1) any breach of duty which,
> without an actually fraudulent intent, gains an advantage to the person
> at fault by misleading another to his prejudice; or, (2) any act or
> omission as the law especially declares to be fraudulent, without respect
> to actual fraud. Section 28–2–406, MCA. Thus, a negligent
> misrepresentation may constitute a breach of duty, without an actual
> fraudulent intent, if it gains an advantage to the person at fault by
> misleading another to his prejudice. Generally, an act or omission of a
> fiduciary or one in confidential relationship is necessary to constitute
> constructive fraud. Yet, in *Drilcon, Inc. v. Roil Energy Corporation*,
> (Mont.1988), 749 P.2d 1058, 45 St.Rep. 114, this Court held that a
> fiduciary relationship was not needed for a finding of constructive fraud
> under the special circumstances of that case. Thus, a negligent
> representation, depending on the circumstances, can give rise to a case
> of constructive fraud under § 28–2–406. Yet, under *Restatement
> (Second) of Torts* § 552, *supra*, a negligent misrepresentation may be
> insufficient to constitute actual fraud or constructive fraud, but
> nevertheless give rise to negligence liability under § 27–1–701, MCA,
> through the want of ordinary care of the defendant in managing his
> property or person. In the latter case, the test of liability is the exercise
> of reasonable care and is subject to comparative negligence.

13

The late Justice Cardozo explained the basis of liability by posing the example: Think of the fields of liability for constructive fraud and for misrepresentation as concentric circles with a common center and differing radii, where the liability in each theory is based on misrepresented facts. The breach of a legal duty will create liability in constructive fraud; but a negligent misrepresentation may create liability even without a constructive fraud; the first, because the liability is imposed by law, whereas the liability for a negligent breach is based on lack of ordinary care and comparative negligence may be considered. See *Ultramares Corp. v. Touche* (1931), 255 N.Y. 170, 174 N.E. 441. Negligent misrepresentation is co-extensive with constructive fraud, based on the same misrepresentation, where there is a breach of legal duty; if there is no breach of legal duty, but the misrepresentation is negligence under *Restatement (Second) of Torts* § 552, negligence is the basis of the liability.

In this case, therefore, the District Court acted properly in instructing the jury on negligent misrepresentation, according to Brown v. Merrill Lynch, supra. It was not necessary that the negligent misrepresentation constitute constructive fraud, nor actual fraud.

773 P.2d at 706.

The inevitable point of this discussion is that negligent misrepresentation and constructive fraud are similar but not the same. Negligent misrepresentation might give rise to constructive fraud and it might not. *Id.*; *Mattingly v. First Bank of Lincoln*, 947 P.2d 66, 70 (Mont. 1997). At a minimum, absent special circumstances or a fiduciary duty, a negligent misrepresentation will not give rise to constructive fraud. *Bottrell*, 773 P.2d at 706; *Chor v. Piper, Jaffray & Hopwood, Inc.*, 862 P.2d 26, 32 (Mont. 1993). In either case the causes of action

14

are distinct and must be separately pleaded. *See Effects Assocs., Inc. v. Cohen*, 817 F.2d 72, 73 (9th Cir. 1987). The "plaintiff is master of his claim" and in some cases will have the choice of framing his action as either one for negligent misrepresentation or constructive fraud. *See Id.*

Since negligent misrepresentation is a different claim than actual or constructive fraud, it is barred when a plaintiff's claims are covered by the Unfair Trade Practices Act. *See* Mont. Code. § 33–18–242(3). It is unnecessary to reach the question of whether constructive fraud constitutes "fraud" as used in Montana Code Annotated § 33–18–242(3). Regardless of whether it does or does not, a negligent misrepresentation claim would be barred. To the extent that the plaintiffs' misrepresentation claim is based on a theory of negligent misrepresentation, AMCO is entitled to a judgment on the pleadings.

### 2.    "Intentional misrepresentation" is the same as actual fraud.

If the plaintiffs' claim is based on a theory of intentional, rather than negligent misrepresentation, that claim merges with their fraud claim because intentional misrepresentation is the same claim as actual fraud.

The Montana Supreme Court has never recognized a claim of "intentional misrepresentation" that consists of different elements than actual fraud. When it discussed negligent misrepresentation in *Barrett*, it explained: "Negligent

15

misrepresentation has a lesser standard of proof than fraud. Rather than requiring an intent to misrepresent, it requires a showing of a failure to use reasonable care or competence in obtaining or communicating the information." The implication, then, is that the difference between negligent misrepresentation and fraud is intent. When the misrepresentation is intentional, rather than negligent, the plaintiff's cause of action is fraud.

Fraud is a permissible claim under the Unfair Trade Practices Act. So, to the extent that the plaintiffs' misrepresentation claim is based on a theory of intentional misrepresentation, the claim must be construed as a fraud claim and is therefore cognizable. The misrepresentation claim fails, to the extent it is based on a theory of negligent misrepresentation.

**B.     Language Simplification Act claim**

Count Two of the plaintiffs' complaint alleges a violation of Montana's Language Simplification Act, Montana Code Annotated § 33–15–337(2). AMCO is entitled to judgment on the pleadings on this claim.

This claim fails for a couple reasons. First, it is barred under the Unfair Trade Practices Act because it is not a claim permitted by Section 33–18–242(3). But, assuming for the sake of argument that the claim involves only pre-claims-handling conduct and is not subject to Section 33–18–242(3), the claim still fails.

16

The Simplification Act does not provide an independent cause of action. While a court may refuse to enforce a contract that violates the statute, the only entity with the authority to enforce the statute is the insurance commissioner. *See e.g. Mont. Petroleum Tank Release Compen. Bd. v. Crumleys, Inc.*, 174 P.3d 948, 959–60 (Mont. 2008). The sole remedy available for a violation of the statute is a refusal to enforce the policy. *Id.* (citing Mont. Code Ann. § 33–15–338). The plaintiffs have already sought and obtained that remedy.

Notably, the plaintiffs do not respond to the defendants motion as it pertains to this claim. They have therefore waived any opposition to a finding in favor of AMCO.

### C.    Common law bad faith

The plaintiffs allege common law bad faith in Count Three of their complaint. As discussed above, the plaintiffs allegations supporting this claim involve AMCO's handling of the plaintiffs' claim. This count fails because it is not a permissible claim under the Unfair Trade Practices Act.

### D.    Fraud claim

AMCO argues that the plaintiffs' fraud claim should be dismissed under Rule 12(c) because it does not and cannot meet the pleading requirements of either Rule 8(a) or 9(b). The position is well taken and they are entitled to an order

17

granting judgment on the pleadings in its favor.

Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting the fraud . . . ." This requires plaintiffs to allege facts that support the nine elements of a fraud claim:

1.    a representation;

2.    the falsity of that representation;

3.    the materiality of the representation;

4.    the speaker's knowledge of the representation's falsity or ignorance of its truth;

5.    the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated;

6.    the hearer's ignorance of the representation's falsity;

7.    the hearer's reliance upon the truth of the representation;

8.    the hearer's right to rely upon the representation; and

9.    the hearer's consequent and proximate injury or damages caused by their reliance on the representation.

*Town of Geraldine*, 198 P.3d at 801; *see W. Sec. Bank v. Eide Bailly LLP*, 249 P.3d 35, 45 (Mont. 2010).

Rule 9(b) does not invalidate the principles set out in Rule 8. *W. Sec. Bank*, 249 P.3d at 45 (citation omitted). Plaintiffs pleading fraud still need only make a

"short and plain statement of the claim" for relief. *Id.*

The Montana Supreme Court has held:

> The sufficiency of a particular pleading under M.R. Civ. P. 9(b) often depends on the context in which the fraud is alleged to have occurred, how much detail is necessary to give adequate notice to an adverse party, and how much detail is necessary to enable an adverse party to prepare a responsive pleading.

*Id.*

Here, the plaintiffs' fraud claim consists of three sentences: a sentence incorporating the allegations in the previous counts; a conclusory sentence stating "The representations of Defendant were false and fraudulent, made with the intent that plaintiffs rely upon said representations, which they did, which proximately caused damages and detriment to Plaintiffs."; and a sentence alleging damages. The Montana Supreme Court has held that a count in a complaint does not allege fraud with particularity when it merely incorporates other allegations by reference and consists only of a couple conclusory sentences. *See Town of Geraldine*, 188 P.3d at 801.

Like the fraud claim in *Town of Geraldine*, the fraud count alleged here contains only conclusory allegations and incorporates the rest of the complaint by reference. Giving the plaintiffs the benefit of the doubt, Count One—the misrepresentation claim—contains some allegations that support the fraud claim.

Construing that count liberally, it sets out at least the first five of the nine elements

of fraud:

1.   The plaintiffs allege that AMCO represented that "there was no
coverage under the claim and that coverage was precluded by
exclusions in the policy." (Complaint, doc. 1-2 at ¶ 7.)

2.   The plaintiffs allege that AMCO's representation was
false—contrary to AMCO's representation there was coverage
because the language in the exclusions violated the Simplification
Act. (*Id.* at ¶¶ 8–13)

3.   While the plaintiffs do not explicitly allege the materiality
element, the facts alleged show that the representation was
material.

4.   The plaintiffs allege that AMCO either knew its representation
was false or that it did not know whether it was true. In other
words, the plaintiffs claim that AMCO either knew the policy
violated the Language Simplification Act or made no effort to
determine whether it did.

5.   Again, the plaintiffs do not expressly allege that AMCO intended
that its "representation should be acted upon" by the plaintiffs,
construing the facts in favor of the plaintiffs, the allegations
suggest that was the case.

AMCO does not discuss this, but elements six and seven of the nine

elements of the fraud claim are a problem for the plaintiffs. Element six requires

the plaintiffs to show that they themselves were "ignoran[t] of the representation's

falsity." *Town of Geraldine*, 198 P.3d at 801. In other words, the plaintiffs must

allege that they accepted or believed AMCO's representation the policy did not

cover their claim. The plaintiffs do not make this allegation and, in fact, claim the

opposite it is true—they disagreed with the representation concerning insurance

coverage and believed that there was coverage under the policy and so informed

AMCO of that belief. The complaint, for instance, reads:

> Upon information and belief, Plaintiffs also allege, when AMCO was
> notified of the deficiency in the policy and that relevant portions of the
> policy were not self-contained, AMCO did not change its position but
> still maintained its denial there [sic] was no coverage available to the
> Plaintiffs forcing the matter to go further to the district court.

(Complaint, doc. 1-2 at ¶ 13).

Similarly, element seven requires the plaintiffs to show that they "reli[ed]

upon the truth of the representation." Again, the plaintiffs fail to allege facts that

support this element. The plaintiffs do not allege any facts showing that they relied

on AMCO's representation that there was no coverage under the policy. They did

not, for instance, accept that there was no coverage under the policy and continue

on without seeking a remedy. The plaintiffs apparently told AMCO why they

believed there was coverage under the policy, and they opposed AMCO's

underlying declaratory judgment action. (*Id.*)

In short, the plaintiffs fail to make an adequate showing with respect to

elements six and seven for the simple reason that they have not shown, and could

not, that they ever believed or relied on what AMCO told them concerning its

view there was no coverage. Instead, the plaintiffs opposed AMCO's position.
When AMCO told the plaintiffs that there was no coverage under the policy and
exclusions, the plaintiffs disagreed and told AMCO why they believed there was
coverage. (*See* Complaint, doc. 1-2 at ¶ 13.) Even taking all of the plaintiffs'
factual allegations as true, their fraud claim fails as a matter of law. *See Mitchell*,
2011 WL 5520932 at *2.

The deficiencies in the plaintiffs' complaint are not curable by amendment.
If the plaintiffs were to allege additional facts consistent with elements six and
seven, those allegations would unavoidably conflict with the factual allegations
that the plaintiffs have already made in their complaint. It would be untoward to
say the insured relied on a representation that the policy excluded coverage when
suing to enforce a representation there was coverage. AMCO is entitled to an order
granting judgment on the pleadings in its favor.

## II.    Motion for Summary Judgment

AMCO next moves for summary judgment on the plaintiffs' Unfair Trade
Practices Act claim and breach of contract claim. Summary judgment is warranted
on the breach of contract claim, but it is appropriate to defer ruling on the Unfair
Trade Practices Act claim.

### A.    Unfair Trade Practices Act claim

In Count Four of the Complaint, the plaintiffs incorporate Counts One, Two, and Three and summarily conclude "AMCO acted in bad faith violation of Montana Statutes and particularly those under the Unfair Trade Practices Act." (Complaint, doc. 1-2 at ¶¶ 29–31.) While the complaint is not clear, the plaintiffs state in their response brief that their claims are "based upon AMCO's issuance of a policy which it knew, or should have known, did not comply with Montana law and reliance upon provisions of that unlawful policy to disclaim coverage even when it knew, or should have known, coverage existed." (Plaintiffs' Response Br., doc. 37 at 7–8.) As a result, the plaintiffs claim that AMCO violated the following provisions of Montana Code Annotated § 33–18–201, Unfair Trade Practices Act:

> (1) misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;
>
> (4) refuse to pay claims without conducting a reasonable investigation based upon all available information;
>
> (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

AMCO moves for summary judgment on this claim. It argues that its position—that the policy excluded coverage—was reasonable and that it had a reasonable basis in the law for filing the declaratory judgment action.

23

The plaintiffs claim that summary judgment is not appropriate at this point because discovery might produce information relevant to the following questions:

- whether AMCO was aware of the Language Simplification Act and case law construing the Act;

- the procedures followed or not followed by AMCO when issuing policies;

- whether AMCO followed those procedures;

- AMCO's investigation of Plaintiffs' claim;

- the information AMCO had available to it prior to denying Plaintiffs' claim;

- the date when liability became, or should have become reasonably clear to AMCO;

- and whether AMCO has denied other Montana insured's claims under the same provisions.

(Plaintiffs' Response Br., doc. 37 at 8–9.)

The plaintiffs claim that they have not had any opportunity to conduct meaningful discovery related to these issues. (Plaintiffs' Response Br., doc. 37 at 12.) They filed two motions as a result: (1) a motion asking the Court to either deny AMCO's motion for summary judgment or defer its ruling under Rule 56(d) until the plaintiffs have had the opportunity to conduct further discovery (doc. 36) and (2) a motion to compel discovery of the above information (doc. 21).

On July 27th, the parties filed a joint status report indicating that they had resolved the discovery dispute that gave rise to the plaintiffs' motion to compel. However they did not indicate whether they now have all the information necessary to adequately respond to AMCO's motion for summary judgment on this claim.

The discovery deadline in this case is March 29, 2013. Additional discovery might shed light on plaintiffs' claim. Construing the facts in their favor, as the nonmoving party, summary judgment would be inappropriate if the plaintiffs come forward with facts showing that AMCO knew or should have known that the policy violated the Language Simplification Act when AMCO denied coverage. The evidence, though, might also show that AMCO had a reasonable basis for denying coverage and filing the declaratory judgment action. In either case, additional discovery would be helpful in establishing the facts.

The plaintiffs' motion under Rule 56(d) is granted, and I will defer ruling on this claim and the punitive damages claim (since parties may seek punitive damages under the Unfair Trade Practices Act).

## B.    Breach of contract claim

In Count Five, the plaintiffs claim that AMCO breached its contract with the plaintiffs, but do not explain what conduct constituted the breach. Instead, Count

Five incorporates by reference the preceding counts and then reads: "As a direct and proximate result of Defendant's actions, Defendant breached its contract with Plaintiffs which proximately caused damages to Plaintiffs in an amount to be proven at the time of trial." AMCO again argues that this allegation is insufficient. In its response brief, the plaintiffs provides a bit more clarification, but not much, writing only one paragraph on the subject:

> AMCO argues that it did not breach a contract. The policy AMCO issued to Plaintiffs was a contract. *See United Nat. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 2009 MT 269, ¶ 27, 352 Mont. 105, ¶ 27, 214 P.3d 1260, ¶ 27. AMCO breached the terms of that contract when it refused to provide benefits on the basis of a provision that was void *ab initio* as a matter of law. The Court should accordingly deny AMCO's motion.

(AMCO's Response Br., doc. 37 at 12.) While not specious, the argument fails.

Even assuming that AMCO breached the terms of the policy when it denied coverage, the undisputed facts show that AMCO has fully performed under the policy. It provided the plaintiffs with a full defense in all the underlying litigation and it provided indemnity up to the policy limit. There are no remaining contractual damages that the plaintiffs can recover. As a result, their breach of contract claim must be dismissed. *See Cut Bank Sch. Dist. No. 15 v. Rummel*, 58 P.3d 159, 161–62 (Mont. 2002) (affirming district court's decision to dismiss a breach of contract claim when there was no evidence of damages).

26

CONCLUSION

AMCO is entitled as a matter of law to judgment on the pleadings in its favor on the plaintiffs' claims for misrepresentation, violation of the Language Simplification Act, common law bad faith, and fraud. AMCO is entitled to summary judgment on the plaintiffs' breach of contract claim. Ruling on the Unfair Trade Practices Act claim and the request for punitive damages is deferred until discovery has closed and the parties have had an opportunity to file supplemental briefs.

IT IS ORDERED the motion for judgment on the pleadings (doc. 15) is GRANTED IN PART in favor of AMCO on the plaintiffs' claims for misrepresentation, violation of the Language Simplification Act, common law bad faith, and fraud.

IT IS FURTHER ORDERED the motion for summary judgment (doc. 16) is GRANTED.

IT IS FURTHER ORDERED that plaintiff file any supplemental briefing on the remaining issue on or before April 16, 2013. The brief shall not exceed ten (10) pages.

IT IS FURTHER ORDERED that AMCO file its supplemental response

27

brief no later than April 30, 2013. The brief is limited to ten (10) pages.

The Clerk is directed to notify the parties of the entry of this Order.

Dated this 29th day of October 2012.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

28