IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL HAYES, SHERRI HAYES, MICHAEL'S CONVENIENCE STORES, INC., | CV 11–137–M–DWM |
| Plaintiffs, | ORDER |
| vs. | |
| AMCO INSURANCE COMPANY, JOHN DOES I–III, | |
| Defendant. | |

The plaintiffs claim that AMCO Insurance Company misrepresented the validity of certain provisions in their insurance policy and mishandled their insurance claim. The Court has already granted judgment on the pleadings and summary judgment in favor of AMCO on many claims. But I deferred ruling on the plaintiffs' claims under the Unfair Trade Practices Act and punitive damages until after discovery closed and the parties had an opportunity to file supplemental briefs in light of that discovery. Also pending is AMCO's motion for partial summary judgment on the plaintiffs' claim for attorney's fees. Both motions are granted. Because the parties are familiar with the facts of this case, they are

restated here only when necessary to explain the Court's decision.

The supplemental briefing makes clear that the plaintiffs' Unfair Trade Practices Act claim is rooted solely in AMCO's violation of the Language Simplification Act, specifically Section 33–15–337(2), which reads: "Each section [of a property and casualty policy] must be self-contained and independent. However, general provisions applicable to more than one section may be included in a common section."

In the underlying state declaratory judgment action, the state court concluded that AMCO violated this section because the policy provisions that AMCO relied on when it denied coverage weren't self-contained. As a result, AMCO couldn't rely on those provisions to deny coverage.

Given this violation of the Language Simplification Act, the plaintiffs claim that AMCO, in turn, violated the Unfair Trade Practices Act in two respects:

1. AMCO misrepresented the validity of the policy when it denied coverage because there was, in fact, coverage in light of the violation of the Language Simplification Act. *See* Mont. Code Ann. § 33–18–201(1) (An insurer may not "misrepresent pertinent facts or insurance policy provisions relating to coverages at issue.") and

2. AMCO didn't make a good faith attempt to settle the plaintiffs' claims, even though coverage was clear in light of the violation of the Language Simplification Act. *See* Mont. Code Ann. § 33–18–201(6) (An insurer may not "neglect to attempt in good

2

faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.").

The essence of the plaintiffs' claims, then, is this: AMCO violated the Unfair Trade Practices Act because it relied on a policy that violated the Language Simplification Act.

The plaintiffs' Unfair Trade Practices Act claims are barred by the Language Simplification Act. The Language Simplification Act states that "the [insurance] commissioner has sole authority to enforce the [Language Simplification Act] or to seek remedies for its violation." Mont. Code Ann. § 33–15–338(2); *see also Mont. Petroleum Tank Release Compen. Bd. v. Crumleys, Inc.*, 174 P.3d 948, 959–60 (Mont. 2008). If a court concludes that an insurer has violated the Language Simplification Act, the only thing it may do is refuse to enforce the violating provisions. *Mont. Petroleum*, 174 P.3d at 960. It may not award any remedy.

Here, the plaintiffs's Unfair Trade Practices Act claim is simply a claim that AMCO violated the Unfair Trade Practices Act because it violated the Language Simplification Act. Absent AMCO's violation of the Language Simplification Act, the plaintiffs have no claim under the Unfair Trade Practices Act. The plaintiffs' claim under the Unfair Trade Practices Act is a veiled attempt to seek a remedy for

3

a violation of the Language Simplification Act, which is expressly barred by
Montana law.

 If the plaintiffs are allowed to recover for AMCO's Language
Simplification Act violation under the Unfair Trade Practices Act, there would
then be a court-created remedy that the Montana Legislature barred by statute. By
this logic, any insured who has been issued a policy that violates the Language
Simplification Act would have a remedy under the Unfair Trade Practices Act.
That would make the Language Simplification Act's limitation on remedies a
nullity.

 Summary judgment is granted in favor of AMCO on the plaintiffs' Unfair
Trade Practices Act claim because that claim is an impermissible attempt to
recover for a violation of the Language Simplification Act. Since the plaintiffs'
claims are barred, it's unnecessary to address whether AMCO has any other
defenses to those claims (e.g., a reasonable basis in law to deny coverage,
Montana Code Annotated § 33–18–242(5)).

 The plaintiffs' Unfair Trade Practices Act claim is the only outstanding
claim. Because that claim fails, the plaintiffs may not recover either punitive

damages or attorney's fees incurred in the underlying litigation.[1] *See Jacobsen v. Allstate Ins. Co.*, 215 P.3d 649, 655–57 (Mont. 2010) (observing that a party may recover attorney's fees only if it is a prevailing party); *Joseph v. Wilmerding*, 874 F. Supp. 2d 951, 956–57 (D. Mont. 2012) ("Since [the plaintiffs] do not have any viable claims for actual damages, they also have no claims for punitive damages."). AMCO's motion for partial summary judgment on attorney's fees is granted.

IT IS ORDERED that AMCO Insurance Company's motion for summary judgment on the plaintiffs' Unfair Trade Practices Act claim and punitive damages claim (doc. 16) is GRANTED.

IT IS FURTHER ORDERED that AMCO's motion for partial summary judgment on the plaintiffs' claim for attorney's fees (doc. 68) is GRANTED.

IT IS FURTHER ORDERED that the final pretrial conference and trial are VACATED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment in favor of AMCO and close this case.

---

[1] The Court need not decide whether the plaintiffs could recover attorney's fees for the underlying litigation if they would have succeeded on their Unfair Trade Practices Act claim.

5

Dated this 16th day of August 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT